**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SANTOS CLAROS,<br><br>    Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 14-74000<br><br>Agency No. A099-678-469<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Santos Claros, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in finding that Claros did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Although we have concluded that people who "publicly testified against gang members" in El Salvador may be members of a socially distinct group, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013), Claros never reported the crimes he witnessed to authorities, and never testified in any criminal proceedings concerning those crimes. Claros's proposed social group therefore lacks particularity and social distinction. *See Santos-Lemus v. Mukasey*,

542 F.3d 738, 744-46 (9th Cir. 2008) (holding that young men who resist gang violence in El Salvador do not constitute a particular social group), *abrogated in part by Henriquez-Rivas*, 707 F.3d at 1093.

Substantial evidence also supports the agency's conclusion that Claros otherwise failed to establish that he would be persecuted on account of a protected ground. *See id.* at 747 ("The Board's determination that a general aversion to gangs does not constitute a political opinion for asylum purposes was reasonable . . . ."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (concluding that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Claros's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Claros failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**